MCGREGOR W. SCOTT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-MJ-00074 SKO |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER THEREON |
| v. | |
| FABIAN GARCIA-PALACIO, | DATE: January 14, 2021
TIME: 2:00 p.m.
COURT: Hon. Erica P. Grosjean |
| Defendant. | |

This case is set for a preliminary hearing on January 14, 2021. This Court has issued a series of General Orders to address public health concerns related to COVID-19 and to suspend jury trials in the Eastern District of California. *See* General Order 628.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1  and inexcusable—General Orders 611, 612, 617, 628, etc. require specific supplementation.  Ends-of-
2  justice continuances are excludable only if "the judge granted such continuance on the basis of his
3  findings that the ends of justice served by taking such action outweigh the best interest of the public and
4  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable
5  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that
6  the ends of justice served by the granting of such continuance outweigh the best interests of the public
7  and the defendant in a speedy trial." *Id.*

8  The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
9  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
10 natural disasters, or other emergencies, this Court has discretion to order a continuance in such
11 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
12 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
13 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*
14 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
15 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a
16 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

17 In light of the societal context created by the foregoing, this Court should consider the following
18 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
19 justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date
20 for the preliminary hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any
21 pretrial continuance must be "specifically limited in time").

**STIPULATION**

23 Plaintiff United States of America, by and through its counsel of record, and defendant, by and
24 through defendant's counsel of record, hereby stipulate as follows:

25  1. By previous order, this matter was set for preliminary hearing on January 14, 2021.
26  2. By this stipulation, defendant now moves to continue the preliminary hearing until **April**
27 **8, 2021, at 2:00 p.m.** and to exclude speedy trial and indictment time between January 14, 2021, and
28 April 8, 2021, under Local Code T4.  The defendant knowingly, voluntarily, and willingly waives any

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

rights he has to a speedy indictment.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that initial discovery associated with this case includes thousands of pages of investigative reports, social media account records, interview recordings, photographs, cell phone extractions, and other media evidence. All this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendant desires additional time to review the discovery, consult with this client, conduct further investigation, and discuss a possible resolution of the case with the government.

c) Counsel for the defendant is engaged in discussions with the government focused on reaching a pre-indictment resolution of his case. Defendant has been involved in and is aware of these discussions and requests this additional time exclusion to continue to seek this pre-indictment resolution. Defendant is not in custody and is not prejudiced by this delay.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuance.

f) In addition to the public health concerns cited by General Order 617 and 628, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel and other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the preliminary hearing proceed.

g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which an indictment must be filed and within which a trial must commence, the time period of January 14, 2021 to April 8, 2021, inclusive, is deemed excludable pursuant to 18

U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment must be filed and a trial must commence.

IT IS SO STIPULATED.

Dated:  January 6, 2021                     McGREGOR W. SCOTT
                                            United States Attorney

                                            /s/ JUSTIN J. GILIO
                                            JUSTIN J. GILIO
                                            Assistant United States Attorney

Dated:  January 6, 2021                     /s/ BENJAMIN GERSON
                                            BENJAMIN GERSON
                                            Counsel for Defendant
                                            Fabian Garcia-Palacio

# FINDINGS AND ORDER

Pursuant to the terms of this stipulation, the preliminary hearing is continued until **April 8, 2021, at 2:00 p.m.**

Based on the information set forth in this stipulation, the Court finds that the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.  Time will be excluded from the time period of January 14, 2021 to April 8, 2021, inclusive, pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

IT IS SO ORDERED.

Dated:   **January 8, 2021**                               /s/ Erica P. Grosjean
                                                                          UNITED STATES MAGISTRATE JUDGE