1   PHILLIP A. TALBERT
    Acting United States Attorney
2   JUSTIN J. GILIO
    Assistant United States Attorney
3   2500 Tulare Street, Suite 4401
    Fresno, CA 93721
4   Telephone:  (559) 497-4000
    Facsimile:  (559) 497-4099
5

6   Attorneys for Plaintiff
    United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:20-MJ-00074 SKO

12                     Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13              v.                         FINDINGS AND ORDER

14  FABIAN GARCIA-PALACIO,                 DATE: April 8, 2021
                                           TIME: 2:00 p.m.
15                     Defendant.          COURT: Hon. Sheila K. Oberto

16

17          This case is set for a preliminary hearing on April 8, 2021.  This Court has issued a series of

18  General Orders to address public health concerns related to COVID-19 and to suspend jury trials in the

19  Eastern District of California.  *See* General Order 628.

20          Although the General Orders address the district-wide health concern, the Supreme Court has

21  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

22  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

23  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

24  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

25  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

26  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

27  or in writing").

28          Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

and inexcusable—General Orders 611, 612, 617, 628, etc. require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the preliminary hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for preliminary hearing on April 8, 2021.

2. By this stipulation, defendant now moves to continue the preliminary hearing until **May 20, 2021, at 2:00 p.m.** and to exclude speedy trial and indictment time between April 8, 2021, and May 20, 2021, under Local Code T4. The defendant knowingly, voluntarily, and willingly waives any rights

1   he has to a speedy indictment.

2         3.     The parties agree and stipulate, and request that the Court find the following:

3         a)     The government has represented that initial discovery associated with this case

4   includes thousands of pages of investigative reports, social media account records, interview

5   recordings, photographs, cell phone extractions, and other media evidence.  All this discovery

6   has been either produced directly to counsel and/or made available for inspection and copying.

7         b)     Counsel for defendant desires additional time to review the discovery, consult

8   with this client, conduct further investigation, and discuss a possible resolution of the case with

9   the government.

10        c)     Counsel for the defendant is engaged in discussions with the government focused

11  on reaching a pre-indictment resolution of his case.  Defendant has been involved in and is aware

12  of these discussions and requests this additional time exclusion to continue to seek this pre-

13  indictment resolution.  Defendant is not in custody and is not prejudiced by this delay.

14        d)     The government has extended a pre-indictment plea offer to the defendant.

15  Defense counsel seeks additional time to review the agreement with his client.

16        e)     Counsel for defendant believes that failure to grant the above-requested

17  continuance would deny him the reasonable time necessary for effective preparation, taking into

18  account the exercise of due diligence.

19        f)     The government does not object to the continuance.

20        g)     In addition to the public health concerns cited by General Order 617 and 628, and

21  presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

22  this case because counsel and other relevant individuals have been encouraged to telework and

23  minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal

24  contact should the preliminary hearing proceed.

25        h)     Based on the above-stated findings, the ends of justice served by continuing the

26  case as requested outweigh the interest of the public and the defendant in an indictment or trial

27  within the original dates prescribed by the Speedy Trial Act.

28        i)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

1    et seq., within which an indictment must be filed and within which a trial must commence, the

2    time period of April 8, 2021 to May 20, 2021, inclusive, is deemed excludable pursuant to 18

3    U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by

4    the Court at defendant's request on the basis of the Court's finding that the ends of justice served

5    by taking such action outweigh the best interest of the public and the defendant in a speedy

6    indictment/trial.

7         4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

8    Speedy Trial Act dictate that additional time periods are excludable from the period within which an

9    indictment must be filed and a trial must commence.

10        IT IS SO STIPULATED.

11

12

13   Dated:  March 30, 2021                          PHILLIP A. TALBERT
                                                      Acting United States Attorney
14

15                                                    /s/ JUSTIN J. GILIO
                                                      JUSTIN J. GILIO
16                                                    Assistant United States Attorney

17

18   Dated:  March 30, 2021                          /s/ BENJAMIN GERSON
                                                      BENJAMIN GERSON
19                                                    Counsel for Defendant
                                                      Fabian Garcia-Palacio
20

21                              **FINDINGS AND ORDER**

22

23   IT IS SO ORDERED.

24   Dated:  **April 2, 2021**              _/s/ Sheila K. Oberto_

25                                          UNITED STATES MAGISTRATE JUDGE

26

27

28